```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**MERLIN DARTEZ**                                              **CIVIL ACTION**

**VERSUS**                                                     **No. 07-2653**

**CALDIVE INTERNATIONAL, INC.**                                **SECTION: I/4**

<u>**ORDER AND REASONS**</u>

Before the Court is a motion *in limine*[1] filed on behalf of defendant, Caldive International, Inc., ("Caldive"), to exclude the testimony of plaintiff's expert, Bernard F. Pettingill, Jr., ("Pettingill"). For the following reasons, defendant's motion *in limine* is **GRANTED**.

### *BACKGROUND*

On or about April 9, 2007, while working as the captain of a diving support vessel owned by Caldive,[2] plaintiff, Merlin Dartez ("Dartez"), allegedly tripped and fell on a rug at the top of a stairway located on the vessel.[3] Dartez alleges that, as a result of his accident, he sustained multiple injuries.[4]

On April 25, 2007, Dartez filed the above-captioned lawsuit against Caldive alleging that Dartez's accident and injuries were

---

[1]Rec. Doc. No. 48.

[2]The Caldive vessel that Dartez was working on at the time of his alleged accident is named the DSV MIDNIGHT DANCER. Rec. Doc. No. 51, p. 1.

[3]*Id.*

[4]Rec. Doc. No. 1, p. 2, para. VII.

1

caused by Caldive's conduct.[5]  Dartez retained Pettingill, an expert in the field of economics, to evaluate Dartez's allegedly diminished earning capacity.[6]

On January 8, 2008, Caldive filed this motion seeking to exclude Pettingill's calculations that are based on the assumptions that: (1) Dartez would only be able to work part-time as a result of his alleged accident and (2) Dartez's income would have increased in three years after he obtained a 1600 ton captain's license.[7]

## LAW AND ANALYSIS

### I. STANDARD OF LAW

Rule 702 of the *Federal Rules of Evidence* governs the admissibility of expert witness testimony.  Fed. R. Civ. P. 702; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588, 113 S. Ct. 2786, 2794, 125 L. Ed. 2d 469, 480 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir. 2006).  Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

---

[5]*Id.*  Dartez's claims against Caldive are filed pursuant to the Jones Act and general maritime law.  *Id*. para. II.

[6]Rec. Doc. No. 51, p. 3.

[7]Rec. Doc. No. 48-3, p. 2.

2

The United States Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238, 249-50 (1999).

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *see Runnels v. Tex. Children's Hosp. Select Plan*, 167 Fed. App'x 377, 381 (5th Cir. 2006) ("[A] trial judge has 'considerable leeway' in determining '*how* to test an expert's reliability.'" (*citing Kumho Tire*, 526

3

U.S. at 152, 119 S. Ct. at 1176, 143 L. Ed. 2d at 253)).

With respect to the determination of relevancy pursuant to Rule 702 and *Daubert*, the proposed expert testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

## II. *DISCUSSION*

The Court need not engage in lengthy analysis in order to dispose of Caldive's motion. Caldive argues that the Court should exclude Pettingill's calculations that are based on Glenn M. Hebert's ("Hebert")[8] assumptions that Dartez's income would have increased after obtaining a 1600 ton captain's license and that Dartez would only be able to work part-time as a result of his alleged injuries.[9]

Dartez responds to Caldive's argument by explaining that Pettingill no longer bases his calculations on these assumptions.[10] In light of Hebert's and Dr. Patrick Juneau's ("Juneau") deposition

---

[8] Hebert is Dartez's vocational rehabilitation expert. *See* Rec. Doc. No. 51, p. 2.

[9] Rec. Doc. No. 48-3, p. 2.

[10] Rec. Doc. No. 51, p. 3.

4

testimony,[11] Pettingill has supplemented his expert report to provide new calculations based on Dartez's earnings as of the time of his accident and on the assumption that Dartez will be able to return to full-time employment.[12]

Accordingly,

**IT IS ORDERED** that Caldive's motion *in limine* to exclude Pettingill's calculations is **GRANTED.**


New Orleans, Louisiana, February  12th , 2008.

                                    _____
                                         LANCE M. AFRICK
                                    UNITED STATES DISTRICT JUDGE

---

[11]Juneau, Dartez's surgeon, testified that, upon reaching maximum medical improvement, Dartez could return to full-time employment. *Id*. Hebert testified that he believes that Dartez would never have obtained more than a 200 ton master's license. Rec. Doc. No. 48-9, pp. 2-3, ll. 13-25; 1.

[12]The Court notes that Pettingill's supplemental report was produced on January 10, 2008, which is well beyond Dartez's Nov. 23, 2007 expert report deadline. Rec. Doc. No. 51, p. 4. Dartez acknowledges that this report is untimely and argues against its exclusion on this basis. *Id*. However, Dartez's argument is premature.
 Although Caldive notes that Pettingill's expert report was untimely filed, Caldive refers to Pettingill's Dec. 4, 2007 report, not Pettingill's Jan. 10, 2008 report. The obvious reason for this discrepancy is that Pettingill's Jan. 10, 2008 report was produced two days after Caldive filed this motion. Any objection to the report as untimely is rejected as the report was merely modified to reflect more accurate data and defendant has not demonstrated prejudice with respect to the modification.