UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MERLIN DARTEZ                                           CIVIL ACTION

VERSUS                                                 No. 07-2653

CALDIVE INTERNATIONAL, INC.                            SECTION: I/4

<u>ORDER AND REASONS</u>

Before the Court is a motion *in limine*[1] filed on behalf of defendant, Caldive International, Inc., ("Caldive"), to exclude the testimony of plaintiff's expert, Captain John C. Manders ("Manders").   For the following reasons, Caldive's motion  is **GRANTED IN PART.**

*BACKGROUND*

On or about April 9, 2007, while working as the captain of a diving support vessel owned by Caldive,[2] plaintiff, Merlin Dartez ("Dartez"), tripped and fell on a rug at the top of a stairway located on the vessel.[3]   Dartez alleges that, as a result of his accident, he sustained multiple injuries.[4]

On April 25, 2007, Dartez filed the above-captioned lawsuit against Caldive alleging that Dartez's accident and injuries were

_____

[1]Rec. Doc. No. 47.

[2]The Caldive vessel that Dartez was working on at the time of his alleged accident is named the DSV MIDNIGHT DANCER.  Rec. Doc. No. 51, p. 1.

[3]*Id.*

[4]Rec. Doc. No. 1, p. 2, para. VII.

1

caused by Caldive's conduct.[5]   Dartez retained Captain John C. Manders, an expert in marine operations and safety, to evaluate the circumstances surrounding Dartez's alleged.[6]

### LAW AND ANALYSIS

Rule 702 of the *Federal Rules of Evidence* governs the admissibility of expert witness testimony.  Fed. R. Civ. P. 702; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588, 113 S. Ct. 2786, 2794, 125 L. Ed. 2d 469, 480 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir. 2006).  Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The United States Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002).  Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct.

---

[5]*Id.*  Dartez's claims against Caldive are filed pursuant to the Jones Act and general maritime law.  *Id.* para. II.

[6]Rec. Doc. No. 47-5, p. 1.

1167, 1174, 143 L. Ed. 2d 238, 249-50 (1999).

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *see Runnels v. Tex. Children's Hosp. Select Plan*, 167 Fed. App'x 377, 381 (5th Cir. 2006) ("[A] trial judge has 'considerable leeway' in determining '*how* to test an expert's reliability.'" (*citing Kumho Tire*, 526 U.S. at 152, 119 S. Ct. at 1176, 143 L. Ed. 2d at 253)).

With respect to the determination of relevancy pursuant to Rule 702 and *Daubert*, the proposed expert testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

Most of the *Daubert* safeguards "are not as essential in a case...where a district judge sits as the trier of fact in place of

a jury." *Gibbs v. Gibbs,* 210 F.3d 491, 500 (5th Cir. 2000). "'*Daubert* requires a binary choice-admit *or* exclude-and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves.'" *Thompson v. Rowan Cos., Inc.,* 2007 WL 724646 (E.D. La. 2007) (Barbier, J.)(quoting *SmithKline Beecham Corp. v. Apotex Corp.,* 247 F.Supp.2d 1011, 1042 (N.D. Ill. 2003)).

Caldive asserts that Manders' testimony should be excluded because Manders' opinion that an old rug creates a tripping hazard constitutes common knowledge and will not assist the Court at trial.[7] In light of the fact that Dartez agrees that this opinion constitutes common knowledge,[8] Manders' opinion that such an old rug creates a tripping hazard, his opinion that Caldive was negligent, and his opinion that Dartez was not at fault are excluded from trial.

Caldive also argues that, in light of the fact that Manders could not have formulated any of his opinions without making witness credibility determinations, his testimony should be excluded in its entirety, as it usurps the province of the Court.[9]

Having reviewed Manders' report, it appears to this Court that the great majority of his report is a regurgitation of other witnesses' testimony and observations that do not require expert

---

[7] Rec. Doc. No. 43-7, pp. 2-4.

[8] Rec. Doc. No. 52, p. 5.

[9] Rec. Doc. No. 47-3, p. 2.

opinion.   The credibility determinations and conclusions to be derived from such testimony are for the Court, not Manders, to determine.   The Court does not need Manders to advise the Court that a rubber-backed mat is less likely to slip than a throw rug. Such store-bought "expert" testimony is of no assistance.

The Court will defer its ruling with regard to the remainder of Manders' testimony until trial.   However, the Court notes that it has serious reservations as to the evidentiary value and admissibility of Manders' testimony.

Accordingly,

**IT IS ORDERED** that Caldive's motion *in limine* to exclude Manders' expert testimony is **GRANTED IN PART.**

Caldive's motion is **GRANTED** with respect to Manders' opinion that an old rug creates a tripping hazard, that Caldive was negligent, and that Dartez was not at fault.

Caldive's motion is **DEFERRED** until trial in all other respects.

New Orleans, Louisiana, February  20th , 2008.


_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE